UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THOMAS PAYNE,

                        Plaintiff,                      **ANSWER**

          -against-                        CASE No.: 1:08-CV-01933

DEMPSEY PIPE & SUPPLY, INC.,
and MARK WILLIAMS,

                        Defendants.

      Defendants, **Dempsey Pipe & Supply, Inc. and Mark Williams**, answering the complaint of the plaintiff herein:

      1.     Admits the allegations contained in paragraph "12" and "13" of the complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "14", "15" and "16" of the complaint.

      3.     Denies each and every allegation in said complaint not otherwise herein specifically admitted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      4.     Whatever injuries plaintiff may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to by the culpable conduct and want of care on the part of the plaintiff, or by someone over whom the answering defendant had no control, and without any negligence or fault or want of care on the part of the answering defendants, and the plaintiff with awareness of the risks associated with the activity in question, assumed the risk thereof.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

      5.     That in entering upon the activity in which the plaintiff engaged at the time of the happening of the accident set forth in the plaintiff's complaint, plaintiff knew the hazards thereof and the inherent risk to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof;

-2-

whatever damages and injuries were sustained by plaintiff as alleged in the complaint herein arose from, and were caused by, such risks of the said activity and such risks were accepted and assumed by the plaintiff upon entering into and continuing in such activity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.   Upon information and belief, plaintiff, and each of the persons on whose behalf this action is brought, failed to use, failed to use properly, or misused the seat belts and other available restraint devices, as a result of which the alleged injuries and damages were sustained and aggravated; and also, the failure and misuse regarding the seat belt may have been a violation of Vehicle and Traffic Law Section 1229-c.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.   The venue selected by the plaintiff is improper; the action should be brought in the United States District Court for the Northern District of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.   That the occurrence and damages resulting therefrom alleged in the complaint were the result of an emergency situation over which the answering defendants had no control.

**WHEREFORE**, defendants demand judgment dismissing the plaintiff's complaint with costs.

DATED: March 28, 2008

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By: s/
         Michael E. Catalinotto, Jr.
Bar Roll No.: MC2315
Attorneys for Defendants,
**Dempsey Pipe & Supply, Inc. and Mark Williams**
Route 9W
POB 180
Saugerties, NY 12477
(845) 246-3666

-3-

TO: **GOLDBLATT & ASSOCIATES, P.C.**
*Attorney for Plaintiff*
1846 East Main Street (Route 6)
Mohegan Lake, NY 10547
(914) 788-5000

343283.1

-4-

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK:
                    :  SS.:
COUNTY OF ALBANY  :

    The undersigned, an attorney admitted to practice in the Courts of New York State shows:

    Deponent is **Michael E. Catalinotto, Jr.** a member of the firm of MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP, the attorneys of record for defendant in the within action; deponent has read the foregoing Answer and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.  This verification is made by deponent and not by said defendant because said defendant is not within the County where deponent maintains his office.

    The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:   Investigation made and information acquired.

    The undersigned affirms that the forgoing statements are true, under the penalties of perjury.

Dated: March 28, 2008

                                                  MICHAEL E. CATALINOTTO, JR.